UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANDRICK CLARK,

       Petitioner,                  Case Number: 2:13-CV-13588
                                                    HON. GEORGE CARAM STEEH

v.

WILLIE SMITH,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

Petitioner Delandrick Clark filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Clark challenged his convictions for two counts of first-degree felony murder, Mich. Comp. Laws § 750.316, two counts of assault with intent to rob while armed, Mich. Comp. Laws § 750.89, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a firearm, Mich. Comp. Laws §750.224f, and two counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. The Court has become aware that Petitioner is now deceased. Petitioner's death renders his habeas corpus petition moot.

Petitioner's offender profile from the Michigan Department of Corrections Offender Tracking Information System ("OTIS"), shows that Petitioner was discharged from custody on December 19, 2014, because of his death. On March 6, 2015, the Michigan Court of Appeals dismissed an appeal filed by Petitioner because he died while incarcerated. *People v. Clark,* No. 322224 (Mich. Ct. App. March 6, 2015). A

prisoner's death during the pendency of his habeas petition renders his habeas action moot. *See Claiborne v. United States*, 551 U.S. 87 (2007) (per curiam opinion vacating circuit court judgment as moot due to death of petitioner); *McMann v. Ross*, 396 U.S. 118 (1969); *Beach v. Humphries*, 914 F.2d 1494 (table), 1990 WL 140574, *1 (6th Cir. Sept. 21, 1990); *accord Griffey v. Lindsey*, 349 F.3d 1157 (9th Cir. 2003); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998); *McMillin v. Bowersox*, 102 F.3d 987 (8th Cir. 1996); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). The Court concludes that Petitioner's habeas claims and this case have been rendered moot.

Accordingly, the Court DISMISSES as moot the petition for a writ of habeas corpus. The Court also DENIES a certificate of appealability as jurists of reason could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). This case is closed.

IT IS SO ORDERED.

Dated: October 26, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk